UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA HOMER and MARIO DURAZO,

    Plaintiffs,

v.                                  Case No: 2:16-cv-427-FtM-99MRM

MYRAID GROUP, LLC and THEODORE NICHOLAS,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Defendant Theodore Nicholas's Amended Motion to Dismiss Complaint (Doc. #19) and Defendant Myraid Group, LLC's Amended Motion to Dismiss Complaint (Doc. #20) filed on August 26, 2016.  Plaintiffs filed a response (Doc. #21) on September 9, 2016.  For the reasons set forth below, the motions are denied.

**I.**

Plaintiffs Barbara Homer and Mario Durazo (collectively "plaintiffs"), have filed a two-count Complaint against their former employer, Myraid Group, LLC (Myraid) and Theodore Nicholas (Nicholas) (collectively "defendants").  Nicholas was their direct supervisor and is a managing member of Myraid.  (Doc. #1.) Plaintiffs claim unpaid minimum wages and overtime in violation of the Fair Labor Standards Act (FLSA) and unpaid minimum wages in

violation of the Florida Minimum Wage Act (FMWA). (Id.) Plaintiffs claim that on or about May 6, 2015[1] they began working for defendants, performing management and maintenance duties at the Lazy J RV and Mobile Home Park, which is owned by Myraid. (Id. at ¶¶ 11-16.) Plaintiffs continued to work for defendants until February 22, 2016, sometimes in excess of 60 hours per week. (Id. at ¶¶ 17, 23.)

Plaintiffs have alleged jurisdiction over their claims pursuant to 28 U.S.C. § 1331 under the FLSA. (Id. at ¶ 2.) In this regard, plaintiffs claim defendants were an enterprise covered by the FLSA with two or more employees handling goods in interstate commerce, earning more than $500,000 in gross sales annually. (Id. at ¶¶ 7-8.) Defendants move to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming that their business does not qualify under the "enterprise" or "individual" coverage provisions of the FLSA. (Docs. ## 19, 20.) Defendants argue that plaintiffs cannot demonstrate that defendants engaged in the production of goods for commerce or that any regular and recurrent interstate activities occurred. Nor can plaintiffs demonstrate that Myraid's annual gross income for 2015 and 2016

---

[1] The Complaint states May 6, 2016 as the date plaintiffs began working for defendants, but based upon the remaining allegations in the Complaint, the Court believes this was a scrivener's error and the actual date is May 6, 2015.

was less than $500,000 under the purview of the FLSA. 29 U.S.C. § 203(s)(1)(A)(i)-(ii). In support, defendants attach an Affidavit of Theodore Nicholas and certain tax information for Myraid for the years 2014 and 2015. (Docs. ## 20-1 to 20-3.)

Defendant Nicholas also seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) because he cannot be liable in his individual capacity. (Doc. #19.)

## II. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if the Court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003). Because the Motion to Dismiss in this case involves a factual attack to the Court's subject-matter jurisdiction, the Court may generally look outside of the allegations in the Complaint and may use materials extrinsic from pleadings, such as affidavits or testimony. Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232–33 (11th Cir. 2008). The Eleventh Circuit has also stated though that "[w]e have cautioned [] that the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*.'" Turcios v. Delicias Hispanas

Corp., 275 F. App'x 879, 880 (11th Cir. 2008) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (emphasis in original)). "If a jurisdictional challenge does implicate the merits of the underlying claim then: '[T]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" Id. "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" Id.

Like this case, Turcios was an FLSA case involving a factual attack on jurisdiction. There, the court noted that the issue of whether a defendant was an "[e]nterprise engaged in commerce or in the production of goods for commerce" implicates both the merits of an FLSA claim and the jurisdictional question. Id. at 882. The court found that the same operative facts determined whether plaintiff could sue under the FLSA statute, and the scope of the statute's coverage. Id. Accordingly, the court held that the district court erred in applying the Rule 12(b)(1) standard in determining annual gross sales rather than the standards applicable under Federal Rule 56 and remanded the case for such an analysis. Id. at 882-83.

Here, as in Turcios, to engage in a Rule 12(b)(1) analysis would be premature and the Court declines to engage in a Rule 56

summary judgment review since the parties have not yet commenced discovery, and plaintiffs have not yet been given an opportunity to assess the accuracy and completeness of Myraid's financial and employee information. Based upon the allegations in the Complaint, the Court is satisfied that plaintiffs have met their burden to establish subject-matter jurisdiction. The Court notes that subject-matter jurisdiction remains a "live" issue for the duration of the case.

### III. Rule 12(b)(6)

Defendant Nicholas, who is a managing member of Myraid, moves to dismiss the Complaint against him, arguing that he cannot be held individually liable. (Doc. #19, ¶¶ 37-39.) Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An officer or owner who is either "involved in the day-to-day operation [of a corporate entity] or [has] some direct responsibility for the supervision of the employee" can be held jointly and severally liable as an employer

under the statute.  Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008).  "[W]hile control need not be continuous, it must be both substantial and related to the company's FLSA obligations."  Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1314 (11th Cir. 2013).

Here, plaintiffs have stated a plausible claim against Nicholas as they allege that he directly supervised and managed their activities and responsibilities during their employment (Doc. #1, ¶¶4-5), which the Court accepts as true and takes in a light most favorable to plaintiffs in deciding a Rule 12(b)(6) motion to dismiss.  Erickson v. Pardus, 551 U.S. 89, 94 (2007). Therefore, Nicholas's motion to dismiss is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Defendant Theodore Nicholas's Amended Motion to Dismiss Complaint (Doc. #19) is **DENIED.**

2.   Defendant Myraid Group, LLC's Amended Motion to Dismiss Complaint (Doc. #20) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   30th   day of November, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record